Case 4:96-cv-03413 Document 24 Filed in TXSD on 09/29/97 Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**SEP 3 0 1997**

MICHAEL N. ᴍᴵᴸᴮʏ ⸱⸱

| | | |
|---|---|---|
| MICHAEL COONTZ, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-96-3413 |
| | § | |
| KATY INDEPENDENT SCHOOL | § | |
| DISTRICT, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Pending before this court is a motion to dismiss plaintiffs' second amended complaint, filed by defendants, Katy Independent School District, the Superintendent of Schools, and Jinx Read in her official capacity as former Head Girls Cheerleader Coach (collectively, "defendants")(Docket Entry #22). Plaintiffs' first amended complaint was dismissed by order entered June 24, 1997 ("June 24 Order"). This court allowed plaintiffs to file an amended complaint addressing the deficiencies discussed in that order. This court has carefully reviewed the second amended complaint, the pleadings, and the applicable case law. Based on this review, this court GRANTS the motion to dismiss, for the reasons stated below.

The factual background of this litigation is detailed in this court's June 24, 1997 Order and need not be repeated here. The basic allegations in the second amended complaint have not changed substantially from the first amended complaint. Plaintiff Allison Coontz was head cheerleader for the Taylor High School Cheerleading Squad. Having received a report that Miss Coontz was

24

involved in an alcohol-related incident at Mardi Gras in Galveston, defendant Read questioned Miss Coontz. Punishment for the incident included removal of Miss Coontz from her position as head cheerleader.

In the second amended complaint, as in the first amended complaint, plaintiffs allege that the actions of the school district violated their "liberty interest and right to have their inter-family communications and privacy protected free from deprivatory intrusion or regulations; callous disregard of the liberty interest to be free from humiliation, mental anguish; and liberty interest to be free form [sic] disparate punishment for similar or related offenses (assuming arguendo the right to punishment) for gender difference." Second Amended Complaint (Docket Entry #15), p.8 (citations omitted).

Defendants have moved to dismiss. A motion to dismiss admits, for purposes of the motion, that the facts alleged are true, but "challenges plaintiff's right to relief based upon those facts." *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995), *quoting Ward v. Hudnell*, 366 F.2d 247, 249 (5th Cir. 1966). Dismissal is properly granted if there is an absence of either a cognizable theory of recovery or a sufficient factual basis to support a legally recognized claim. *Stewart Glass & Mirror, Inc. V. U.S.A. Glas, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996), *citing Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988). Although this court must accept plaintiffs' factual allegations as true, there must be sufficient

factual allegations to provide a basis for the relief sought. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

Plaintiffs' attempt to convert their intentional infliction of emotional distress claim, dismissed by this court in the June 24 Order, into a constitutional violation, must fail. Plaintiffs cite no legal authority to support their argument that there is a constitutional right to be free from humiliation and mental anguish. Instead, plaintiffs cite *Spacek v. Charles*, 928 S.W.2d 88, 93 (Tex. App. - Houston [14th Dist. 1996, writ dismissed], the same case they cited in their first amended complaint. *Spacek* does not state that a right to be free from humiliation and mental anguish exists under the United States Constitution. Plaintiffs have failed to allege a violation of a recognized constitutional right and, as a result, defendants are entitled to dismissal of the "humiliation and mental anguish" claim.

Plaintiffs also assert a violation of their privacy right in their intra-family communications, based on defendant Read having questioned Miss Coontz about the Mardi Gras incident and her family's response. As noted by this court in its June 24, 1997 Order, a constitutionally protected privacy right is recognized in certain limited circumstances. One area of protection is the freedom not to disclose personal matters to the government (the confidentiality strand); the other is the freedom to make certain kinds of decisions without government interference (the autonomy strand). *Whalen v. Roe*, 429 U.S. 589 (1977). Plaintiffs appear to allege only a violation of the confidentiality strand. There are no factual

allegations regarding an interference by defendants with plaintiffs' right to make personal decisions.

The confidentiality strand of the right to privacy protects personal, private information in which an individual has a reasonable expectation of confidentiality. *Id.*; *Ramie v. City of Hedwig Village*, 765 F.2d 490, 492 (5th Cir. 1985), *cert. denied*, 474 U.S. 1062 (1986). There is no allegation that defendants improperly disclosed confidential information. The allegation is that defendant Read questioned Miss Coontz to obtain private information from her. This court noted in its prior Order that plaintiffs had failed to allege in their first amended complaint a factual and legal basis for their argument that defendants required them to disclose personal, private information in which they had a reasonable expectation of privacy. The second amended complaint also fails to supply this factual and legal basis.

The United States Supreme Court has held unequivocally that a school's random urinalysis requirement for student athletes is not an unconstitutional invasion of privacy. *Vernonia School District 47J*, 515 U.S. 646 (1995). It is constitutional for a school to require that students involved in an extra-curricular school activity submit to urinalysis to determine substance abuse. It is also constitutional for a school to question students regarding that same issue. Whether defendant Read exercised poor judgment in her decision to question Miss Coontz is irrelevant. Poor judgment does not transform a claim into one of

4

"constitutional magnitude." *Alexander v. Peffer*, 993 F.2d 1348, 1350 (8th Cir. 1993)(citation omitted).

Additionally, "circuit courts have strictly construed actionable violations of the familial privacy right to encompass only those instances where state officials' actions were directly aimed at the parent-child relationship." *Hodge v. Jones*, 31 F.3d 157, 163 (4th Cir.), *cert. denied*, 513 U.S. 1018 (1994). Plaintiffs have alleged no facts to suggest that defendant Read's questioning of Miss Coontz was directly intended to interfere with her relationship with her parents.

Plaintiffs have failed to allege facts which would support a claim that defendants violated their constitutional right to privacy by questioning Miss Coontz regarding the Mardi Gras incident and her parents' response. As a result, the privacy claim is dismissed.

Plaintiffs' final claim is that similarly situated male students were treated differently than Miss Coontz. As discussed in this court's prior Order, a plaintiff seeking to recover for disparate treatment on the basis of sex must allege "that persons or groups similarly situated have been treated differently and that the disparate treatment by the state is unreasonable, arbitrary or based on some invidious classification such as [sex]." *Zentgraf v. Texas A&M Univ.*, 492 F. Supp. 265, 270 (S.D. Tex. 1980). Plaintiffs' prior disparate treatment claim was

dismissed with leave to file a second amended complaint to allege facts which would support their claim.

Plaintiffs' amended complaint adds paragraphs 23, 24, and 26 relevant to the disparate treatment claim. In paragraphs 23 and 24, plaintiffs allege that unnamed football players who were involved in either alcohol-related or cheating incidents were punished differently than Miss Coontz. Initially, this court notes that plaintiffs assume that football players and cheerleaders are similarly situated. Plaintiffs present no legal authority to support the argument that their constitutional rights were violated simply *because* there is a different "code of conduct" for cheerleaders, who are predominantly female, and football players, who are predominantly male.

This court also notes that plaintiffs' own factual allegations, taken as true, fail to support the legal theory for which they are offered. One of the football players who was involved in an alcohol-related incident was punished in a manner similar to Miss Coontz. Miss Coontz was precluded from cheerleading and had to work in the principal's office during her cheerleader class period. The football player was precluded from playing football and had to run laps around the track in the mornings. Plaintiffs also allege that unidentified football players and other students have engaged in drinking or other infractions but "Allison was picked out of everyone else and unjustly punished." Second Amended Complaint, ¶¶ 24,26. Such conclusory allegations are insufficient to prevent dismissal. *Fernandez-*

*Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).   This is particularly true where, as here, plaintiffs have been given an opportunity to replead to correct clearly identified pleading deficiencies.

Plaintiffs have failed to present a sufficient factual basis for their privacy and disparate treatment claims.  Plaintiffs' concerns over the discipline that Miss Coontz received do not rise to the level that the Constitution protects.  To treat plaintiffs' complaints as asserting constitutional violations "would tend to trivialize the Fourteenth Amendment by making it a magnet for all claims involving personal information, state officers, and unfortunate indignities." *See Davis v. Bucher*, 853 F.2d 718, 721 (9th Cir. 1988).  Because plaintiffs have failed to allege a legally recognized constitutional right to be free from humiliation and mental anguish, and have failed to allege facts which would enable them to recover on their privacy and disparate treatment claims, defendants' motion to dismiss is granted. Further amendment would be futile; this case will be dismissed.

SIGNED this September 29, 1997, in Houston, Texas.

LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE